**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0004145**
**30-APR-2015**
**08:06 AM**

NO. CAAP-13-0004145

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
VANESSA COTTON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-13-0002459)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Fujise and Reifurth, JJ.)

Defendant-Appellant Vanessa Cotton appeals from the Notice of Entry of Judgment and/or Order filed on October 10, 2013 in the District Court of the First Circuit, Honolulu Division ("District Court").[1]  Cotton was convicted of Assault in the Third Degree, in violation of Hawaii Revised Statutes § 707-712(1)(a) (1993).

On appeal, Cotton contends that the State failed to prove beyond a reasonable doubt facts negating Cotton's "defense of others" justification.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Cotton's point of error as follows and affirm:

On appeal, we consider the evidence adduced below in the strongest light for the prosecution. *State v. Matavale*, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).  In so doing, we find that the State did, in fact, adduce substantial evidence to negate Cotton's justification defense.

"The prosecution disproves a justification defense

---

[1]      The Honorable Philip Doi presided.

beyond a reasonable doubt when the trial court believes the prosecution's case and disbelieves the defendant's case." *State v. Jhun*, 83 Hawai'i 472, 483, 927 P.2d 1355, 1366 (1996) (citing *State v. Gabrillo*, 10 Haw. App. 448, 456-57, 877 P.2d 891, 895 (1994)). Here, the District Court credited, and thus believed, a State witness's version of events. The witness—a security guard at the shopping center where the incident occurred—testified that Cotton kicked the complaining witness only after the security guard attempted to intervene in a fight between Cotton's sister and the complaining witness. We will not disturb the District Court's decision to credit this testimony, for "[i]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." *State v. Sprattling*, 99 Hawai'i 312, 317, 55 P.3d 276, 281 (2002) (quoting *State v. Sua*, 92 Hawai'i 61, 69, 987 P.2d 959, 967 (1999)) (internal quotation marks and original brackets omitted). "'Substantial evidence' . . . is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." *Matavale*, 115 Hawai'i at 158, 166 P.3d at 331 (quoting *State v. Batson*, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992)). Thus, there was substantial evidence that Cotton's kick was not for the purpose of defending her sister during the altercation.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order filed on October 10, 2013 in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, April 30, 2015.

On the briefs:

Walter J. Rodby
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaitniff-Appellee.

Presiding Judge

Associate Judge

Associate Judge